

NUMBER 13-12-00628-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE LUIS GARCIA MORALES,                                          **Appellant,**

**v.**

THE STATE OF TEXAS,                                                   **Appellee.**

### On appeal from the 445th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Perkes
### Memorandum Opinion by Justice Garza

Appellant, Jose Luis Garcia Morales, was charged with possession of cocaine, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010). Following the trial court's denial of his motion to suppress the drug evidence, appellant pleaded guilty pursuant to a plea bargain. The trial court deferred adjudication and

placed appellant on community supervision for six years. The trial court certified that this "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial . . . and the defendant has the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2)(A).[1] By a single issue, appellant contends the trial court erred in denying his motion to suppress. We affirm.

## I. BACKGROUND

Appellant contends the trial court erred in denying his motion to suppress the cocaine evidence because the City of Brownsville police officers that approached him and questioned him did so based on information obtained from a confidential informant that was not shown to be reliable. At the motion to suppress hearing, two City of Brownsville police officers testified: Agent Albert Torriz and Officer Marco Huerta.

Agent Torriz testified that on the night appellant was arrested, he and other officers were conducting surveillance of narcotics operations in the downtown area. Agent Torriz has twenty years' experience as a police officer, with seventeen years assigned to the special investigations unit. On the night of appellant's arrest, he was undercover. Agent Torriz observed appellant for ten or fifteen minutes. Appellant was using a flashlight to direct vehicles in and out of a public parking lot adjacent to a downtown bar. Appellant was making contact with drivers and bar patrons as they entered or left the bar. A confidential informant had informed Agent Torriz that the person using a flashlight to direct traffic in the parking lot was selling narcotics. Agent Torriz testified that the same informant had provided him with reliable information on

---

[1] The trial court clarified certification of appellant's right to appeal at a status hearing on November 1, 2012.

2

various other occasions. In fact, information provided by the informant had led to the arrest of another person approximately thirty minutes earlier about two blocks away. Agent Torriz did not approach appellant but conveyed the information to Officer Huerta. Agent Torriz saw Officer Huerta and a second officer, Sergeant Felix Sauceda, approach appellant and arrest him.

Officer Huerta testified that Agent Torriz described appellant and identified him as possibly engaged in illegal drug activity. Officer Huerta, who was in uniform and driving a marked police vehicle, parked at the curb of the parking lot approximately twenty-five feet away from appellant. Sergeant Sauceda, who was in plain clothes and in an unmarked police unit, also parked at the curb and joined Officer Huerta in approaching appellant. The officers approached appellant, identified themselves, and said that they were conducting an investigation of possible drug activity. According to Officer Huerta, appellant became "real nervous." Officer Huerta asked appellant if he had any illegal drugs. Appellant responded, "yes," that he had several small baggies of cocaine in his pant pocket.[2] After the officers arrested appellant, he stated that the cocaine was his and was for his own personal use. According to Officer Huerta, appellant was advised of his rights after he was taken to the police station.

Appellant also testified at the suppression hearing. On cross-examination by the State, appellant stated that he pulled the cocaine out of his pants pocket himself. He stated that he had three small bags of cocaine, worth a total of thirty dollars.

---

[2] At the suppression hearing, the trial court asked defense counsel, "Is your client alleging that he did not voluntarily produce the narcotics?" Defense counsel answered: "Yes, Your Honor, that is. That he was—under the circumstances, Your Honor, it amounted to a detention so therefore, you know—."

3

At the conclusion of the hearing, defense counsel argued that the trial court should suppress the cocaine and appellant's statements made after he was arrested but before he was *Mirandized.*[3] Counsel argued that the cocaine was obtained pursuant to "a warrantless search, without probable cause." The trial court denied the motion to suppress the cocaine evidence.[4] The trial court granted the motion to suppress as to any statements made by appellant after he was arrested but before he was *Mirandized.*

## II. Standard of Review and Applicable Law

In reviewing a trial court's ruling on a motion to suppress, appellate courts must view all of the evidence in the light most favorable to the trial court's ruling. When the trial court does not make explicit findings of fact, the appellate court infers the necessary factual findings that support the trial court's ruling if the record evidence (viewed in the light most favorable to the ruling) supports these implied fact findings. Thus, we afford almost total deference to a trial judge's determination of the historical facts that the record supports, especially when his implicit factfinding is based on an evaluation of credibility and demeanor. This same highly deferential standard applies regardless of whether the trial court has granted or denied a motion to suppress evidence. Thus, the party that prevailed in the trial court is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. But the question of whether a given set of historical facts amount to a consensual police-citizen encounter or a detention under the Fourth Amendment is subject to de novo review because that is an issue of law—the application of legal principles to a specific set of facts.

*State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008) (citations omitted).

"The Supreme Court has determined that there are three distinct types of interactions between police and citizens: (1) consensual encounters, which require no objective justification; (2) investigatory detentions, which require reasonable suspicion;

---

[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[4] Specifically, the trial court stated, "but the issue of all acts leading up to his arrest including his voluntary,—I understand you're disputing it was voluntary, but his production of the cocaine from his pocket will not be suppressed."

4

and (3) arrests, which require probable cause." *State v. Castleberry*, 332 S.W.3d 460, 466 (Tex. Crim. App. 2011); *State v. Woodard*, 341 S.W.3d 404, 410–11 (Tex. Crim. App. 2011). Consensual encounters do not implicate Fourth Amendment protections. *Woodard*, 341 S.W.3d at 411. Police officers are free to request information from a citizen with no justification in a consensual encounter. *Id.* A citizen may terminate such a consensual encounter at will. *Id.* A citizen's acquiescence to an officer's request does not automatically transform a consensual encounter into a detention or seizure, even if the officer does not communicate to the citizen that the request for information may be ignored. *Id.*

To justify an investigative detention, however, an officer must have "reasonable suspicion that the citizen is, has been, or soon will be, engaged in criminal activity." *Id.* "A police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Derichsweiler v. State,* 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). The test for reasonable suspicion focuses solely on whether an objective basis exists for the detention and disregards the officer's subjective intent. *See Abney v. State*, 394 S.W.3d 542, 550 (Tex. Crim. App. 2013) ("[A]n officer's mistake about the legal significance of facts, even if made in good faith, cannot provide probable cause or reasonable suspicion.").

"No bright-line rule governs when a consensual encounter becomes a seizure." *Woodard*, 341 S.W.3d at 411. "Generally, however, when an officer through force or a

showing of authority restrains a citizen's liberty, the encounter is no longer consensual." *Id.* Examples of circumstances that might indicate a detention has occurred would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. *Crain v. State*, 315 S.W.3d 43, 49–50 (Tex. Crim. App. 2010). The activation of emergency lights and the positioning of the patrol unit are also circumstances that could indicate a detention. *See Garcia-Cantu,* 253 S.W.3d at 243. "It is the display of official authority and the implication that this authority cannot be ignored, avoided, or terminated, that results in a Fourth Amendment seizure." *Id.*

### III. DISCUSSION

Appellant argues that the officers' interaction with him was a detention unsupported by reasonable suspicion. We disagree. Officer Huerta and Sergeant Sanchez approached appellant on foot from vehicles parked about twenty-five feet away. Only Officer Huerta's vehicle was a marked police vehicle. In arriving at the scene, neither officer used emergency lights. Officer Huerta was in uniform; Sergeant Sanchez was in plain clothes. Neither officer threatened appellant or displayed a weapon. Officer Huerta testified that immediately after the officers identified themselves, they asked appellant if he had any illegal drugs, and he responded affirmatively. When Officer Huerta was asked whether he advised appellant that he could refuse to speak to them, Officer Huerta said, "He wasn't detained. We didn't detain him at all. He could have easily walked away." Also, there was no evidence that

6

the officers displayed weapons, touched appellant, or used a tone of voice indicating that appellant's compliance was mandatory. *See Crain*, 315 S.W.3d at 49-50. Viewing the totality of the circumstances of the encounter in the light most favorable to the trial judge's ruling, *see id.* at 244, we hold that the trial court could reasonably have determined that the initial interaction between the officers and appellant was a consensual encounter. *See Woodard*, 341 S.W.3d at 412–14 (holding that defendant failed to show he was seized where, even without information that the officer obtained from an anonymous tipster, the officer's stop and inquiry of person walking along sidewalk was a consensual encounter).

Even if we were to find that the initial encounter was an investigative detention requiring reasonable suspicion, *see Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2003), the information obtained from the confidential informant provided the officers with reasonable suspicion that appellant was involved in criminal activity. Confidential informants may be considered reliable tipsters if they have a successful "track record." *State v. Duarte*, 389 S.W.3d 349, 357 (Tex. Crim. App. 2012). Here, Agent Torriz testified that the confidential informant had given him reliable information on "various occasions," including information that same evening that led to an arrest. *See Smith v. State*, 58 S.W.3d 784, 790 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) ("A confidential informant can provide the requisite reasonable suspicion to justify an investigative detention so long as additional facts are present to demonstrate the informant's reliability.").

We hold the trial court did not err in denying appellant's motion to suppress the cocaine evidence and overrule appellant's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of December, 2013.